UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAYMOND J. MONTEVECHI, | : |
| | : |
| Plaintiff | : |
| | : |
| v. | : CIVIL NO. 3:CV-15-0652 |
| | : |
| JOHN WETZEL, et al., | : (Judge Kosik) |
| | : |
| Defendants | : |

# MEMORANDUM

**I.  Background**

Plaintiff, Raymond J. Montevechi, commenced this civil rights action pursuant to 42 U.S.C. § 1983, seeking damages for his confinement in prison beyond his legal sentence. He was released from prison on January 7, 2014. He proceeds in forma pauperis in this matter. Named as Defendants are individual employees of the Pennsylvania Department of Corrections, the Pike County Correctional Facility and the Pike County Board of Probation and Parole. Service of the complaint was directed on April 16, 2015. (Doc. 8.) Presently pending is Plaintiff's motion seeking the appointment of counsel in this matter. For the reasons that follow, the motion will be denied without prejudice.

**II.  Discussion**

Plaintiff sets forth the following reasons in support of his request for counsel:

(1) he is unable to afford an attorney; (2) his mental instability limits his ability to litigate; (3) the issues are complex; (4) he suffers from migraine headaches and is bipolar; (5) he is inexperienced and has limited knowledge of the law; and (6) a trial is likely and he has been unable to obtain counsel. (Doc. 11.)

There is neither a constitutional nor statutory right to counsel for civil litigants. Montgomery v. Pinchak, 294 F.3d 492, 498 (3d Cir. 2001). Congress has granted district courts the discretion to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1)(Noting that appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1) is "discretionary"). A court's discretionary authority to appoint an attorney to represent a civil litigant (prisoner or non-incarcerated individual) only comes into play when the party is proceeding within the terms of 28 U.S.C. § 1915, *Proceedings In Forma Pauperis*, which necessarily implies the litigant's indigent status, and is made on a case-by-case basis. Tabron v. Grace, 6 F.3d 147, 157-58 (3d Cir. 1993).

The United States Court of Appeals for the Third Circuit has stated that the appointment of counsel for an indigent litigant should be made when circumstances "indicate the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984).

The initial determination to be made by the court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the plaintiff's case "has some arguable merit in fact and law." Montgomery, 294 F.3d at 499. Without passing judgment as to the ultimate merits of Plaintiff's claims, for the sole purpose of this motion, the court will assume that the case has arguable merit in law and the facts.

Upon successfully clearing the above hurdle, other factors to be examined are:

1. The plaintiff's ability to present his or her own case;

2. The difficulty of the particular legal issues;

3. The degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;

4. The plaintiff's capacity to retain counsel on his or her own behalf;

5. The extent to which a case is likely to turn on credibility determinations; and

6. Whether the case will require testimony from expert witnesses.

Montgomery, 294 F.3d at 499 (citing Tabron, 6 F.3d at 155-57).

Plaintiff's motion fails to set forth any special circumstances or factors that would warrant the appointment of counsel at this time. Tabron, 6 F.3d at 155-56. The pleadings submitted by Plaintiff so far are clearly written, cite to pertinent legal authority, and detail the claims he desires to pursue. In fact, the complaint submitted by Plaintiff is a 187-page typed comprehensive document containing a Table of

Contents, Table of Authorities and relevant exhibits.  It is evident in reviewing this submission, as well as his motion for counsel, that Plaintiff is literate, intelligent and fully capable of litigating this action on his own.  Moreover, the legal issue involved is not complicated.  Because Plaintiff is not confined in prison, he clearly has the ability to prepare his case, without the limitations he would face in prison, and the health conditions alleged do not appear to limit his ability to litigate this action, as evidenced by the filings on the docket.  It cannot be said, at least at this point, that Plaintiff will suffer substantial prejudice if he is required to proceed with the prosecution of this case on his own.  This Court's liberal construction of <u>pro se</u> pleadings, <u>Haines v. Keener</u>, 404 U.S. 519 (1972), coupled with Plaintiff's apparent ability to litigate this action, weigh against the appointment of counsel.  His pending motion for counsel will be denied.  If future proceedings demonstrate the need for counsel, the matter may be reconsidered either *sua sponte* or pursuant to a properly filed motion.  An appropriate order will issue.